ALEJANDRO LAMOUR RIVERA, Plaintiff and Appellant, v. MANUEL LÓPEZ PÉREZ, Defendant and Appellee. ALEJANDRO LAMOUR RIVERA, Plaintiff and Appellant, v. MANUEL PÉREZ PÉREZ, Defendant and Appellee.

Nos. 5958 and 5959. Argued March 7, 1932.—Decided March 11, 1932.

*Diego O. Marrero* and *A. Lamour* for appellant. *Monserrat & Monserrat* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appeals in these two actions were taken on June 30, 1931, and have been similarly prosecuted. In both appeals the stenographer was directed to prepare the transcript of

the evidence and was granted several extensions of time for that purpose.

The appellee claims that the extension of one month allowed by the lower court on September 10 to the stenographer, effective as from September 9 according to the order, expired on October 8, and therefore that the subsequent extension granted was void as it had been applied for on October 9, when the previous extension had already expired and that for this reason the appeals should be dismissed. However, in *López et al. v. Succession of Quiñones*, 27 P.R.R. 783, in which an extension of time was granted as from a certain date, this Court held that the time must be computed from the following day under section 388 of the Political Code. Therefore, applying that doctrine the extension granted to the appellant in the present cases expired on October 9 and not on the day before as contended by the appellees, with the result that when the new extension was applied for the previous one had not yet expired, and a dismissal on the ground stated does not lie.

The other ground for dismissal urged is that the appeals have not been prosecuted with due diligence, because the cases have been delayed for many months owing to the failure on the part of the appellant to deposit the funds required for the payment of the stenographer's fees.

From July, 1931, until February, 1932, the prosecution of these appeals remained stationary by reason of the failure of the appellant to deposit the money to pay the stenographer's fees for the transcript of the evidence requested by him. On February 1 of the present year these fees had not been totally paid. On the 7th of the same month the transcript of the evidence was already prepared in the lower court, as admitted by the parties on that day at the hearing of the motions to dismiss which we are now deciding.

The law fixes a period of 20 days for the preparation by the stenographer of his notes for an appeal, which period

can be extended by the court. The latter granted the extensions sought and also granted extensions to the appellant for the payment of the fees to the stenographer. It appears from the record that these appeals have been delayed eight months owing to the refusal of the stenographer to do the work unless he was paid the fees which the law authorizes him to charge.

An appellant who elects the transcript of the evidence prepared by the stenographer knows that he must pay all the statutory fees in connection therewith. This is a requirement incidental to the appeal taken by him, and consequently he must make provision therefor if he wants to proceed with his appeal, as he has no right to suspend the execution of the judgments rendered in favor of the appellee until he finds the money to pay the stenographer's fees. A delay of eight months in the prosecution of these appeals on that account would warrant their dismissal, but in view of the circumstances of the present cases we will exercise our discretion and will not dismiss the appeals.